# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 98-30863
_____

GERALD THOMAS,

                                        Plaintiff-Appellant,

                    versus

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-2248-K)
_____

June 7, 1999

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

In this insurance coverage suit, Plaintiff-Appellant Gerald Thomas appeals the district court's grant of summary judgment in favor of Defendant-Appellee Life Insurance Company of North America ("LINA").  Thomas complains that the district court erred in concluding that the felony exclusion contained in his son Clifford Smith's accidental death insurance policy precluded coverage of Clifford's death, which resulted from an accident that Clifford caused while driving under the influence of alcohol and which resulted in the deaths of three other persons.  Relying on

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inapplicable state law precedent, Thomas —— the named beneficiary in his son's policy —— argues that the policy's felony exclusion is ambiguous and does not exclude coverage of an insured's death resulting from an accident that was caused by the insured's drunken driving and resulted in the death of others. Thomas concedes, however, that such conduct constitutes vehicular homicide, a felony under Louisiana law.[1]

We have carefully considered the Memorandum Opinion and Order of the district court in light of the facts revealed in the summary judgment record and the legal arguments set forth in counsels' appellate briefs. Our <u>de novo</u> review of the district court's grant of summary judgment dismissing Thomas's claim against LINA leads us the same conclusions as those reached by the district court —— and for essentially the same reasons as expressed in the that court's comprehensive opinion.

AFFIRMED.

---

[1] <u>See</u> La. Rev. Stat. 14:32.1(B).